JOSEPH A. CRANE AND JOHN W. DAVIS, AS EXECUTORS, &c., OF BENJAMIN DECKER, APPELLANTS AND RESPONDENTS, v. B. FRANK DECKER AND OTHERS, APPELLANTS AND RESPONDENTS.

*Will—when it may authorize a majority of the trustees to act.*

APPEALS from a judgment entered on the report of a referee.

The action was brought to obtain a construction of the will and codicils of Benjamin Decker, deceased. The plaintiffs are two of three executors named in the will and codicils, and the defendant Clark Bell is the other executor.

The court at General Term said: "The will named three executors, and it conferred upon them duties as trustees. It also contained a provision as follows: '(7.) The act of any two of my said executors in respect to anything which by my will they are empowered to do shall be binding, as also shall the acts of the sole survivor of them.' They all qualified, and they are all living. The

general rule requires all trustees to act, when trusts are created like those confided by the will and codicils in this case to the executors and trustees, in conveying real estate. (Tiffany & Bullard on Trusts, 536, &c.)

"But when the founder of the trust expressly authorizes a majority to act and to execute their acts, their executions of the duties of the trust in good faith, are valid and effectual. (Bullard & Tiffany, 541; *Clarke* v. *Parker*, 19 Ves., 17.)

"The execution of the trust in this case, according to the determination of two of the executors and trustees, is valid, because such determination and action are expressly provided for by the creator of the trust. Such being the intention of the founder of the trust, it must, like all other intentions not contrary to law or public policy, prevail. We therefore hold that the 'act of any two,' in respect to the trust, is valid and obligatory."

*Rumsey & Miller*, for the plaintiffs, appellants and respondents.

*Clark Bell*, defendant and appellant, in person.

*George B. Bradley*, for the defendant Drew, executor, &c.

Opinion by HARDIN, J.; TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event.